IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY L. B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-CV-491-JFJ |
| | ) |
| LELAND DUDEK,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Jerry L. B. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for disability benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i) and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.     General Legal Standards and Standard of Review**

"Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C.

---

[1] Effective February 16, 2025, pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

§ 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion [is not sufficient] to establish the existence of an impairment(s)."  20 C.F.R. §§ 404.1521, 416.921.  *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a).  A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)(4)(i)-(v).  If a claimant satisfies his burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy.  *Williams*, 844 F.2d at 751.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff, then a 34-year-old male, protectively filed for (1) Title II disability insurance benefits on December 17, 2021, and (2) and Title XVI supplemental security income on June 1, 2022. R. 17, 202-205. In both applications, Plaintiff alleged a disability onset date of October 28, 2018. R. 17, 202-205. Plaintiff alleged inability to work due to conditions including a back injury. R. 241. Plaintiff's claims were denied initially on April 18, 2022, and upon reconsideration on August 1, 2022. R. 64-96. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a telephonic hearing on April 10, 2023. R. 34-63. The ALJ issued a decision on May 2, 2023, denying benefits and finding Plaintiff not disabled because he could perform other jobs existing in the national economy. R. 17-28. The Appeals Council denied review, and Plaintiff appealed. R. 1-3; ECF No. 2.

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2024. R. 19. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 28, 2018. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease with failed back syndrome; major depressive disorder; and intellectual disorder. R. 20. The ALJ determined Plaintiff's obesity and obstructive sleep apnea were non-severe impairments. *Id.* At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments. *Id.*

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that Plaintiff had the RFC to perform sedentary work as follows, except as follows:

> [O]ccasional climb ramps and stairs; never climb ladders, ropes or scaffolding; occasional balance, stoop, kneel, crouch and crawl; no exposure to hazards, such as moving mechanical parts and unprotected heights; understand, remember and carry out simple tasks; occasional changes in a routine work setting; use of a cane to ambulate distances greater than 100 feet or over rough or uneven terrain.

R. 22. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 26. However, based on the testimony of a vocational expert ("VE"), the ALJ found at step five that Plaintiff could perform the unskilled sedentary jobs of Production Worker, Hand Packager, and Document Preparer. R. 27. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.* Based on the VE's testimony, the ALJ concluded these positions existed in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled through the date of the decision.

**III.     Issue**

Plaintiff raises one point of error in his challenge to the denial of benefits: that the ALJ failed to properly consider Plaintiff's subjective reports about limitations stemming from his back pain, as required by Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *7 (Mar. 28, 2016).  ECF No. 12 at 9.

**IV.     Analysis - ALJ's Consistency Analysis Was Proper**

   **A.     Legal Standards**

In evaluating a claimant's symptoms, the ALJ must determine whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.  SSR 16-3p.  If they are consistent, then the ALJ "will determine that the individual's symptoms are more likely to reduce his or her capacities to perform work-related activities." *Id.*  If they are inconsistent, then the ALJ "will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." *Id.*  Factors the ALJ should consider in determining whether a claimant's pain is in fact disabling include the claimant's attempts to find relief and willingness to try any treatment prescribed; a claimant's regular contact with a doctor; the possibility that psychological disorders combine with physical problems; the claimant's daily activities; and the dosage, effectiveness, and side effects of the claimant's medication. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012); *see also* SSR 16-3p at *7 (listing similar factors); 20 C.F.R. § 404.1529(c)(3).[2]

---

[2] This evaluation, previously termed the "credibility" analysis, is now termed the "consistency" analysis. *See* SSR 16-3p (superseding SSR 96-7p). In practice, there is little substantive difference between a "consistency" and "credibility" analysis. *See Brownrigg v. Berryhill*, 688 F. App'x 542, 545-46 (10th Cir. 2017) (finding that SSR 16-3p was consistent with prior approach taken by Tenth Circuit). Therefore, Tenth Circuit decisions regarding credibility analyses remain persuasive authority.

Consistency findings are "peculiarly the province of the finder of fact," and courts should "not upset such determinations when supported by substantial evidence." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)). If the ALJ sets forth the specific evidence he relies on in evaluating the consistency of the claimant's subjective complaints with other evidence, the ALJ "need not make a formalistic factor-by-factor recitation of the evidence." *Keyes-Zachary*, 695 F.3d at 1167 (quotations omitted). "[C]ommon sense, not technical perfection, is [the reviewing court's] guide." *Id*.

B.   **ALJ's Discussion**

Here, the ALJ discussed Plaintiff's testimony regarding back pain. R. 23. Plaintiff testified his pain inhibited his ability to move around and remain seated. *Id.* (citing hearing testimony). Plaintiff also testified that he could not bend or crouch and that he had difficulties remaining seated in a vehicle for longer than twenty minutes. *Id.* Plaintiff further testified that he has been using a cane for walking due to left leg issues and that he could walk for five to ten minutes before needing a break. *Id.*

The ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms," but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision." R. 23. The ALJ then reviewed Plaintiff's treatment history regarding his back pain, including the timeline of Plaintiff's surgeries and spinal cord stimulator implantation. R. 23-24. The ALJ noted that, in November 2018, an MRI showed acute disc herniation at L5-S1. R. 23 (citing R. 358). Plaintiff subsequently underwent an L5-S1 discectomy in March 2019. *Id.* (citing R. 375-376). Initial results were positive but deteriorated over time, and Plaintiff underwent L5-S1 fusion in December 2019. *Id.* (citing R. 341-353, 368-69). Plaintiff reported no improvement following fusion, and a

6

spinal cord stimulator trial was recommended. *Id.* (citing R. 563). An MRI of Plaintiff's lower lumbar spine in November 2021 showed mild to moderate facet arthropathy at L5-S1. *Id.* (citing R. 599-600). An MRI in March 2022 showed moderate to severe bilateral foraminal stenosis at surgical level and L3-L4. *Id.* (citing R. 597-98). In October 2022, Plaintiff had a spinal stimulator permanently implanted. R. 24 (citing R. 638).

The ALJ noted Plaintiff's testimony in April 2023 that the spinal cord stimulator was not as effective as it was initially, and that another procedure was likely. R. 24 (citing hearing testimony). The ALJ concluded, however, that Plaintiff "exhibits greater functionality than alleged." *Id.* The ALJ explained that, in March 2022, prior to implantation of the spinal cord stimulator, Plaintiff had normal gait, sensation, and station on examination. *Id.* (citing R. 567). The ALJ further explained that the consultative examiner observed in March 2022 antalgic gait but no use of an assistive device. *Id.* (citing R. 614). The ALJ additionally noted that Plaintiff was prescribed a cane at his request in March 2023. *Id.* (citing R. 706). The ALJ concluded Plaintiff was capable of working at the sedentary level with the additional postural and environmental limitations outlined in the RFC due to his back impairment. *Id.*

C.   **Analysis**

1.   **ALJ Provided Adequate Reasoning**

Plaintiff argues that the ALJ failed to explain why he found Plaintiff's subjective reports inconsistent with the objective record, as required by SSR 16-3p. Plaintiff contends the ALJ instead impermissibly relied on boilerplate to support his conclusion.

An ALJ must not rely exclusively on conclusory or boilerplate language to support credibility findings but must cite "specific reasons" for such findings. *Hardman v. Barnhart*, 362 F.3d 676, at 678-79 (10th Cir. 2004). The Court finds the ALJ met this standard and provided adequate explanation for his consistency findings. Specifically, the ALJ noted that Plaintiff "does

7

exhibit greater functionality than alleged," despite his significant treatment history for his back and the likelihood of another procedure. R. 24. The ALJ explained that in March 2022, Plaintiff demonstrated normal gait, sensation, and station, and he did not use an assistive device at the March 2022 consultative exam. *Id.* (citing R. 567, 614). The ALJ also noted that Plaintiff was prescribed a cane in March 2023 upon his request. *Id.* (citing R. 706). This specific reasoning is not merely boilerplate language and is sufficient to satisfy SSR 16-3p. *See Diana J. T. v. Kijakazi*, No. 22-CV-396-MTS, 2023 WL 732404, at *5 (N.D. Okla. Nov. 7, 2023) (finding ALJ's credibility assessment sufficient, where ALJ acknowledged claimant's reduced capacity and cited objective and other evidence in support of reasoning as to why claimant's subjective complaints were not credible). *Cf. Verlinda C. J. v. O'Malley*, No. 22-CV-554-JFJ, 2024 WL 288992, at *5 (N.D. Okla Jan. 25, 2024) (reversing ALJ's decision where consistency analysis consisted exclusively of boilerplate language and ALJ made no attempt to link claimant's testimony to medical record).

### 2. Record Supports ALJ's Consistency Findings

Plaintiff argues that, even if the ALJ did attempt to link the evidence to Plaintiff's subjective reports, the ALJ failed to identify any inconsistencies. Plaintiff points specifically to his testimony of inability to sit more than 20 minutes at a time before needing to walk around. R. 46. Plaintiff contends his two surgeries, spinal cord stimulator implantation, medications, and objective imaging findings are all consistent with his alleged sitting limitation.

The Court finds the ALJ sufficiently identified inconsistencies between Plaintiff's subjective complaints and other record evidence. The ALJ noted Plaintiff's testimony regarding his sitting limitation. R. 23. Later in the decision, the ALJ specifically found that "the medical evidence does not suggest that the claimant has significant difficulties sitting, as medical providers have not observed discomfort when seated." R. 25. The ALJ discussed Plaintiff's treatment

history and imaging findings regarding his back pain, but nonetheless found Plaintiff could sit for up to six hours per workday.  R. 22-24.

Plaintiff further argues that less favorable clinical findings support his subjective claims, and that the ALJ failed to explain how those findings were inconsistent with his testimony.  Plaintiff cites findings from the two consultative exams, including positive straight-leg raising on the left and limited spinal range of motion in November 2020; slow, antalgic, and limping gait in March 2022; and moderate difficulty walking on heels and toes in March 2022.  R. 511, 614-615.

Plaintiff's argument is unavailing.  The ALJ addressed the cited evidence, found Plaintiff's testimony inconsistent with this evidence, and found Plaintiff capable of performing modified sedentary work.  R. 22-23.  Plaintiff simply asks the Court to reweigh the evidence, which is improper.  *See Hackett*, 395 F.3d at 1172.  *Cf. Kellams v. Berryhill*, 696 F. App'x 909, 912-17 (10th Cir. 2017) (finding ALJ's credibility analysis improper, where ALJ downplayed or ignored probative evidence regarding back impairment that supported claimant's subjective statements).

### 3. ALJ Properly Considered Plaintiff's Daily Activities and Work History

Finally, Plaintiff argues that the ALJ improperly ignored Plaintiff's daily activities and work history, both of which were consistent with his subjective reports.  Regarding daily activities, Plaintiff cites his reports of needing help with various activities, inability to do house and yard work, inability to stand long enough to do all the dishes, and needing to sit after walking around his yard for a short time.  R. 55-56, 272-273.

The Court finds no error in the ALJ's analysis.  The ALJ noted Plaintiff's testimony that he had pain with moving around, had pain with walking for long periods, could stand for only two to three minutes, and could walk for only five to ten minutes.  R. 23 (citing hearing testimony).  The ALJ further noted that third-party statements from Plaintiff's wife and mother provided "valuable insight into the claimant's day-to-day functioning" and were "consistent" with Plaintiff's

9

subjective reports. R. 25-26. The ALJ nonetheless concluded that the entire record demonstrated that Plaintiff was capable of working at a modified sedentary exertional level. R. 26. This discussion is sufficient to satisfy SSR 16-3p regarding Plaintiff's daily activities, and the Court identifies no error in the ALJ's failure to discuss the cited daily activities. The ALJ is not required to comment on the consistency of every statement Plaintiff made. *See Keyes-Zachary*, 695 F.3d at 1169 (finding credibility analysis sufficient where, "although the ALJ may not have identified any specific incredible statements as part of his evaluation of [claimant's] hearing testimony, his approach performed the essential function of a credibility analysis by indicating to what extent he credited what she said when determining the limiting effect of her symptoms"); *Bales v. Colvin*, 576 F. App'x 792, 800 (10th Cir. 2014) (same).

Regarding work history, Plaintiff points to his lengthy past employment in heavy, labor-intensive jobs as supportive of his subjective statements. R. 259-263 (employment history). However, the ALJ noted Plaintiff's work history at step four (R. 26), and he acknowledged Plaintiff's attempt to work for a short time between his back surgeries, which ended due to his impairment (R. 19-20). The ALJ did not use Plaintiff's work record to downplay Plaintiff's back impairment or to discredit his subjective statements. The Court identifies no error.

In sum, the ALJ's discussion of Plaintiff's subjective complaints and the objective evidence satisfies 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), and SSR 16-3.

## V.     Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 10th day of March, 2025.

_____
JODI F. JAYNE, MAGISTRATE JUDGE
**UNITED STATES DISTRICT COURT**